```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
 2                    CENTRAL DIVISION AT LEXINGTON

 3                              - - -
     UNITED STATES OF AMERICA,      .   Case No. 5:18-CR-00020
 4                                  .
              Plaintiff,            .
 5                                  .   Lexington, Kentucky
              - v -                 .
 6                                  .   Friday, October 19, 2018
     SCOTT W. SULIK,                .   1:30 p.m.
 7                                  .
              Defendant.            .
 8                              - - -

 9       TRANSCRIPT OF FINAL PRETRIAL CONFERENCE PROCEEDINGS
               BEFORE THE HONORABLE DAVID L. BUNNING
10                UNITED STATES DISTRICT COURT JUDGE

11                              - - -

12

13   For the United States:    ANDREW T. BOONE, ESQ.
                                Assistant U.S. Attorney
14                              United States Attorney's Office
                                260 West Vine Street, Suite 300
15                              Lexington, Kentucky  40507

16   For the Defendant:         RACHEL DIANE YAVELAK, ESQ.
                                Oeltgen & D'Ambruoso, PLLC
17                              120 North Mill, Suite 300
                                Lexington, Kentucky  40507
18
     Court Reporter:            LINDA S. MULLEN, RDR, CRR
19                              Official Court Reporter
                                101 Barr Street
20                              Lexington, Kentucky  40507

21

22   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
23

24

25
```

```
 1        (Proceedings in open court, October 19, 2018, 1:30 p.m.)
 2        THE COURT:  All right.  Good afternoon, everyone.  Madam
 3   Clerk, if you would call the matter set for 1:30, please.
 4        THE CLERK:  Yes, Your Honor.  Lexington Criminal Action
 5   Number 18-20, United States of America versus Scott W. Sulik,
 6   called for pretrial conference.
 7        THE COURT:  All right.  If we could start with entrance of
 8   appearance, please.
 9        MR. BOONE:  Good afternoon, Your Honor.  Andy Boone for
10   the United States.
11        MS. YAVELAK:  Good afternoon, Your Honor.  Rachel Yavelak
12   for the defendant, Scott Sulik, who's here beside me.
13        THE COURT:  You are Scott, how do you pronounce your last
14   name, sir?
15        THE DEFENDANT:  Sulik.
16        THE COURT:  Sulik, is that you, sir?
17        THE DEFENDANT:  Yes, sir.
18        THE COURT:  All right. As you know -- you all can have a
19   seat -- this case was reassigned to me a week, ten days ago.
20   Judge Hood reassigned it to myself.  And the case was
21   originally set for trial on the 30th.  And he, in that same
22   order, moved it to the 29th to accommodate my schedule.
23        And then I went ahead and put the matter on for a final
24   pretrial conference today.  And lo and behold, we have a motion
25   filed by Ms. Yavelak to withdraw.  The motion is pretty
```

1  cryptic.  I probably need to hear from you and your client here
2  at the bench before I can take this up.  I did have the clerk
3  have another attorney, Ms. Ledgewood, I think is in the back,
4  there you are, who was asked to be here as standby counsel in
5  the event that I choose to grant your motion.
6     So why don't you and your client come up to the bench.
7     This will be ex-parte.
8     (Bench conference on the record.)
9     (The following portion is sealed and contained under
10 separate cover.)

1     (The preceding portion is sealed and contained under
2  separate cover.)
3     THE COURT:  All right.  I have, after speaking with
4  counsel and the defendant here at the bench, I feel like I'm
5  compelled to grant the motion to withdraw.  So Docket 27, Madam
6  Clerk, will be granted.
7     Ms. Ledgewood --
8     MS. LEDGEWOOD:  Yes, Your Honor.
9     THE COURT:  -- I would ask you to -- you have indicated to
10 the clerk that you would be willing to take the case.
11    MS. LEDGEWOOD:  I would.
12    THE COURT:  The discovery that was provided to you, I
13 don't know what form it's in, as you know I'm relatively new to
14 the case, so --
15    MS. YAVELAK:  Judge, I still have the disks as well as the
16 printed out, and I've let Ms. Ledgewood know that if you did
17 grant my motion, we'll bring it over to her on Monday.
18    THE COURT:  That's fine.
19    Mr. Boone, as far as resetting this, Ms. Ledgewood has
20 been a member of the panel for many years.  As fine of a lawyer
21 as I know she is, ten days likely is not enough time for her to
22 be prepared to try the case on the 29th.  I advised the
23 defendant of that here at the bench.  If I granted her motion,
24 I likely would need to reset this.
25    Now, my intention at this point is to continue to preside

```
 1   over the case.  Judge Hood had asked me to preside over it
 2   because he had a conflict.  I'm going to presume that I'm going
 3   to keep the case.  If that changes, there will be an order of
 4   the Court.  I really haven't had a chance to talk to him, but
 5   ultimately I think it's probably going to remain with me.
 6         As far as rescheduling it -- you can come forward, if you
 7   would, Ms. Ledgewood.  I know there had been some continuances
 8   previously for some expert-type issues that, at least based
 9   upon my review of the docket -- frankly, the only
10   conversation -- I didn't even have a conversation with Judge
11   Hood.  He sent an email and said are you willing -- do you have
12   availability to try the case and I said yes, so an order went
13   on.
14         But as far as the trial itself, how many days was it set,
15   two?
16         MR. BOONE:  Two, Your Honor.
17         THE COURT:  This is a one-count indictment, correct?
18         MR. BOONE:  Yes, sir.
19         THE COURT:  Ms. Ledgewood, I have my calendar here, if I
20   can get it pulled up.  Of course I can't pull up my calendar.
21         Okay.  Well, I know when -- just looking at it, I know
22   when I'm in trial in Covington and when I have availability
23   here.  You've been involved in this case, Ms. Yavelak, for a
24   number of months.  Based upon your review of the discovery, in
25   your professional opinion, how much time do you think would be
```

1   necessary to set this case out to give Ms. Ledgewood an
2   opportunity to review the discovery and be prepared?  I'm going
3   to ask her the same question, but you've been involved in the
4   case longer than she has, so I wanted to hear your view.
5       MS. YAVELAK:  Considering what's been done at this point,
6   and where the -- we've gotten the issues regarding the expert
7   matters resolved, I would guess 30 days, I think, would
8   probably be --
9       THE COURT:  Okay.  When you say the expert resolved, you
10  do have an expert on your side?
11      MS. YAVELAK:  Yes, Your Honor.
12      THE COURT:  Will he or she testify?
13      MS. YAVELAK:  That was the plan, yes, Your Honor.
14      THE COURT:  Okay.  You have, I guess, a forensic-type
15  expert as well, I'm presuming, based upon the type of charge?
16      MR. BOONE:  A law enforcement agent who is prepared to
17  provide forensic testimony, yes, sir.
18      THE COURT:  Well, it was set for the 29th of this month.
19      Ms. Ledgewood, what is your schedule between now and mid
20  December?
21      MS. LEDGEWOOD:  Your Honor, may it please the Court.  The
22  only thing that I have on my schedule that I would not be able
23  potentially to get rescheduled is her honor Judge Boom has a
24  multi-defendant case on a London docket that some of the
25  Lexington attorneys have been asked to serve in.  That case had

1   been continued a number of times.  It's set to begin Monday,
2   November 26th, and my instincts tell me, if nothing changes,
3   that I will be going to trial then.  So I think that would
4   probably be a week or so.
5         But other than that, and I came here prepared today to
6   reschedule other things.  As the Court was kind enough to ask
7   me to serve, I will, in turn, move my calendar as much as is
8   necessary.
9         THE COURT:  Well, since it's only two days, we don't
10  necessarily have to start on a Monday.  I can access my
11  calendar on my phone -- I'm not able to get a wifi connection.
12  It's just quicker if he gets my phone.  You all can have a
13  seat.  As soon as I get my calendar, we'll set something here.
14        The week of December 10th, that is my Ashland week.  I've
15  got three trials set, one of which may go.  I'm just looking at
16  the various weeks.  I am certainly not going to set this the
17  week of Christmas.
18        Now, the week of November 12th, that's less than 30 days.
19  But I do have -- that's the only week I don't have trials the
20  rest of the year.
21        The week of the 19th, I just set a trial this morning in a
22  Covington case that I could give you -- that's the week of
23  Thanksgiving, I could give you that day, I could try to get
24  another judge to try the case in Covington.  Judge Thapar, who
25  used to be on our court, has been clamoring for a trial, I

1   could certainly ask him to take that one.

2       So November 19th or November 14th, Wednesday, Thursday.  I

3   don't know if that would be doable for you or not.

4       MS. LEDGEWOOD:  I believe, based on what Ms. Yavelak has

5   said, and the fact that it sounds like she's gone a long way

6   toward preparedness, I could -- I will be ready by the 14th, if

7   that would be convenient to Your Honor.

8       THE COURT:  Would that be convenient to you?

9       MR. BOONE:  Yes.

10      THE COURT:  Okay.  What we'll do, then, we'll set -- I

11  have some matters on the 15th I'll just have to move.

12      We will set the matter for trial on Wednesday,

13  November 14th, at 9:00 a.m. here in Lexington, with counsel

14  present at 8:30, and we'll set two days for the trial.  So it

15  will be the 14th and the 15th.

16      I've got a slew of things, I'll be in Ashland on the 13th.

17  And I have a trial that day, but it's not going to go, so --

18      Okay.  Mr. Boone, you're going to remain the prosecutor in

19  this case?

20      MR. BOONE:  As far as I know.

21      THE COURT:  Okay.  All right.  Anything else we need to

22  take up?

23      MR. BOONE:  No, Your Honor.

24      MS. LEDGEWOOD:  No, sir.

25      THE COURT:  There were no motions filed.  I do want to

1   mention, Mr. Sulik -- am I pronouncing that correct, Sulik?
2         THE DEFENDANT:  Sulik.
3         THE COURT:  Sulik.
4         THE DEFENDANT:  It's fine either way, sir.
5         THE COURT:  Pardon?
6         THE DEFENDANT:  I'm used to it either way, sir.
7         THE COURT:  Okay.  Mr. Sulik, you have counsel, of course.
8   Ms. Ledgewood has been on the panel for a number of years, has
9   a very good reputation.  I appreciate you taking the case at
10  this late juncture.
11        I would ask that Mr. Boone, to the extent that you can,
12  make sure that whatever you have that you plan on using in
13  discovery, I know you've already provided that to Ms. Yavelak,
14  just maybe verify with Ms. Ledgewood that she has everything
15  that you have --
16        MR. BOONE:  Yes, sir.
17        THE COURT:  -- that's discoverable so that we don't have
18  any kind of surprises at trial.
19        MR. BOONE:  Certainly.
20        THE COURT:  All right.  Anything else?
21        MS. LEDGEWOOD:  No, sir.  I would, for Mr. Sulik's
22  benefit, it would be my intention that I would be seeing him --
23  I believe he's in Woodford County -- I would be seeing him no
24  later than Tuesday of next week, I will be over to see him.
25  I'll have the discovery reviewed somewhat before then and then

1   I'll be able to see him.  And he's got my personal assurance
2   he'll see me a lot.  I'll make up for lost time on my end.
3          THE COURT:  Okay.  Well, it's the one count.
4          MS. LEDGEWOOD:  Yes, sir.
5          THE COURT:  All right. Very well.  I appreciate you
6   telling us that.
7          And he will remain at Woodford; is that correct,
8   Mr. Marshal?  I saw the marshal here somewhere.  I saw the
9   actual marshal.  Very well.  All right.  He'll be remanded to
10  the custody of the marshal pending trial on Wednesday, the 14th
11  at 9:00.
12         (Proceedings concluded 1:49 p.m. )
13
14                      C E R T I F I C A T E
15
16         I, Linda S. Mullen, RDR, CRR, do hereby certify that
17  the foregoing is a correct transcript from the record of
18  proceedings in this above-entitled matter.
19
    /s/Linda S. Mullen            August 2, 2019
20  Linda S. Mullen, RDR, CRR     Date of Certification
    Official Court Reporter
21
22
23
24
25