```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION
                  LEXINGTON, KENTUCKY

UNITED STATES OF AMERICA,       ) Lexington Criminal
                                ) Action No. 18-20
     Plaintiff,                 )
                                ) At Lexington, Kentucky
-vs-                            )
                                )
SCOTT W. SULIK,                 ) November 6, 2018
                                ) 11:00 a.m.
     Defendant.                 )



        TRANSCRIPT OF MOTION HEARING PROCEEDINGS
        BEFORE THE HONORABLE DAVID L. BUNNING
              UNITED STATES DISTRICT JUDGE



Appearances of Counsel:

On behalf of Plaintiff:      ANDREW T. BOONE, ESQ.
                             Assistant U.S. Attorney
                             260 West Vine Street
                             Suite 300
                             Lexington, Kentucky  40507

On behalf of Defendant:      PAMELA S. LEDGEWOOD, ESQ.
                             271 West Short Street
                             Suite 403
                             Lexington, Kentucky  40507

Court Reporter:              PEGGY W. WEBER, RPR
                             Official Court Reporter
                             U.S. District Court
                             P.O. Box 362
                             Lexington, Kentucky  40588
                             (859) 421-0814




Proceedings recorded by mechanical stenography,
transcript produced by computer.
```

1     (Whereupon, the Motion Hearing proceedings commenced on
2  Tuesday, November 6, 2018, at 11:00 a.m., on the record in
3  open court, as follows.)
4             THE COURT:  All right.  Good morning everyone.
5             Madam Clerk, if you would call the matter set
6  for motion hearing.
7             THE CLERK:  Yes, Your Honor.
8             Lexington Criminal Action Number 18-20,
9  United States of America versus Scott W. Sulik, called for
10 motion hearing.
11            THE COURT:  All right.  If we could start with
12 entries of appearance, please.
13            MR. BOONE:  Good morning, Your Honor.
14            Andy Boone for the United States.
15            MS. LEDGEWOOD:  Good morning, Your Honor.
16            Pam Ledgewood for Mr. Scott Sulik who's standing
17 to my left.
18            THE COURT:  All right.  Counsel, Mr. Sulik,
19 good morning.
20            DEFENDANT SULIK:  Good morning.
21            THE COURT:  The matter is set for a hearing on
22 the defense motion to continue the trial.
23            And I recall being here a couple weeks back when
24 Ms. Ledgewood was appointed to represent the defendant.
25 Ms. Yavelak was allowed to withdraw.

1              And after speaking with counsel at that time, we
2    kind of put together a fairly optimistic case schedule, I
3    think, is a fair characterization.  We just have a
4    one-count indictment, but, of course, Ms. Ledgewood has
5    only been in the case for a little over two weeks.
6              In looking through your affidavit, one of the
7    questions I did have -- I know I just approved the voucher
8    for Ms. Yavelak's prior expert.  Do you plan on utilizing
9    the same expert?
10             MS. LEDGEWOOD:  If -- if I utilize an expert, it
11   will be the same individual, Your Honor.  I've had the
12   opportunity to meet with him last week.  Really at this
13   point, quite candidly, until I have a little bit more time
14   to meet and conference with Mr. Sulik, I'm not sure if
15   we're going to proceed along that line.  So, if indeed, I
16   will know soon.  And if I do, it would be utilizing the
17   same expert.  I know I would have to seek leave of Court
18   for additional fees.
19             THE COURT:  Well, you would have to do one of
20   those auths.  Are you familiar with auth, the eVoucher?
21             MS. LEDGEWOOD:  Yes, sir.
22             THE COURT:  Okay.  That's -- I've been having
23   discussions with the Mag Judges about the use of that
24   system.  But, of course, given the fact that you've been
25   recently appointed to represent the defendant, those funds

 1  would likely be available given the fact that Ms. Yavelak
 2  used the funds that were up to the statutory cap.
 3             MS. LEDGEWOOD:  Yes.
 4             THE COURT:  Okay.
 5             MS. LEDGEWOOD:  Yes, sir.
 6             THE COURT:  I was trying to get an idea of
 7  what --
 8             MS. LEDGEWOOD:  Yes, sir.
 9             THE COURT:  -- perhaps would be the future needs
10  of the defendant.
11             You had asked in your motion for a period not to
12  exceed 90 days.  I do have a couple of dates in mind.  I
13  wanted to just kind of discuss them with you.  Since this
14  is a two-day trial, and I have other responsibilities in
15  Covington and Ashland, I was hoping that one of these
16  dates would work.
17             The first date would be Wednesday, January 16th
18  and 17th.  That's a two-day window.
19             And then the second opening I would have would
20  be Tuesday, February 12th and 13th.
21             Either of those fall within the time frame that
22  you're seeking.  I didn't know if either of those dates --
23  Mr. Boone, do either of those dates work for you?
24             MR. BOONE:  I'm open both sets of dates,
25  Your Honor.

```
 1                 THE COURT:  All right.
 2                 MS. LEDGEWOOD:  Yes.
 3                 THE COURT:  Ms. Ledgewood.
 4                 MS. LEDGEWOOD:  I'm open for both also,
 5    Your Honor.
 6                 THE COURT:  Well, what would you prefer?  What I
 7    don't want to do is get to January, and then, well, you
 8    need a little bit more time.  I mean, I certainly want to
 9    give you enough time to consult with your client, advise
10    him, have additional conferences as necessary, use the
11    expert to the extent that you are planning on going down
12    that route -- road as you've explained.  So I don't mind
13    giving you the earlier date, but I don't want to get to
14    the earlier date and then have to roll to the second date.
15                 MS. LEDGEWOOD:  Sure.  And I would -- as I
16    indicated in my affidavit, Your Honor, I was -- I've made
17    a very diligent effort working closely with Mr. Sulik to
18    not even have to make this motion.  I'm very mindful of
19    everybody's schedule, and certainly the stress that this
20    is placing on Mr. Sulik and his family.  I would prefer
21    the February date just to make sure.
22                 THE COURT:  Okay.  Mr. Sulik, are you in
23    agreement with your attorney's request here?
24                 DEFENDANT SULIK:  Yes, sir, Your Honor.  That's
25    fine with me.
```

1            THE COURT:  Okay.  Well, what I'll do, I'll go
2  ahead and grant the motion based upon the statements here
3  this morning, as well as the affidavit of Ms. Ledgewood.
4            I do find that the ends of justice served by
5  continuing the trial are certainly served here by
6  continuing the trial to giving her -- to give her time,
7  additional time, to meet with her client, prepare a
8  defense on his behalf.  And that additional time is
9  certainly necessary.  She's only been appointed for a
10 couple of weeks now, and I think the initial setting was a
11 little bit optimistic, but I was trying to keep the case
12 within the time frames that were set by Judge Hood.
13           So we'll go ahead and exclude the time between
14 the filing of the motion, which is November 1 through the
15 trial date of February 12th, 2019.  That time is
16 excludable pursuant to 3161(h)(7)(A) and (B).  And that,
17 of course, is Title 18.
18           So the trial will begin at 9:00 a.m. on
19 February 12th.  That's a Tuesday.  And I do have matters
20 in Covington on the 14th.  So I figured that two days
21 would work fine.
22           What else do we take up while we're here?
23 Anything, Mr. Boone?
24           MR. BOONE:  Nothing from the government,
25 Your Honor.

1             THE COURT:  Ms. Ledgewood.
2             MS. LEDGEWOOD:  Your Honor, prior to coming into
3    Court, I had the opportunity to speak again with Mr. Sulik
4    today, and he indicated to me that he had some thoughts
5    that he felt were extremely vital that he place on the
6    record at this point.  So I'm going to make the motion to
7    permit him to do that, and he's made that request for me.
8    He said it's extremely important to him.  So I think for
9    me not to raise that, try to give him that opportunity,
10   would be wrong of me.
11            THE COURT:  Well, I'll only advise you the same
12   thing that I'm sure the Magistrates have advised you when
13   you have initial proceedings, that it's probably always
14   best to talk through your attorney.  Anything you can say
15   in open court here -- you may not be placed under oath,
16   but anything you say could be used against you at some
17   point in the future.
18            I mean, do you understand that?
19            DEFENDANT SULIK:  Yes, I do, Your Honor.
20            THE COURT:  And I have no clue what you're about
21   to say, but you have any objection to this?
22            MR. BOONE:  No objection.
23            THE COURT:  All right.  Go ahead.
24            DEFENDANT SULIK:  You know what, I will take
25   that advice, and I'll wait to present that.  She has it,

1 and it's dated. We spoke about it today so she knows
2 about it. That's good enough for me, sir.
3     THE COURT: Well, I'm just telling you the same
4 thing I would tell anyone else who wants to give a
5 statement, that --
6     DEFENDANT SULIK: Well, the main thing that
7 concerned me, Your Honor, was that I exercised my
8 Constitutional right to counter Prosecutor Boone through
9 my attorney, which I have a strict attorney-client
10 confidentiality, as all clients should, in the
11 United States.
12     THE COURT: Sure.
13     DEFENDANT SULIK: And within that time period,
14 in 24 hours, the next day, I was put in solitaire with no
15 communication. She had quit.
16     And the next day the marshal and the FBI were
17 there. And I've been around long enough to know that it
18 was an intimidating fashion, read me my rights. I
19 remained in solitaire for eight days.
20     THE COURT: Well -- okay. I understand.
21     DEFENDANT SULIK: I'm just curious as to where
22 did that order came down from?
23     THE COURT: Well, all I can tell you is the
24 discussion we had at the bench with Ms. Yavelak involved
25 some things that were brought to my attention, which

1 were -- I'm just going to say potentially troubling for
2 her to continue to represent you.
3    Now, you're no longer in solitary; correct?
4    DEFENDANT SULIK: I'm in the same cell, but I
5 have access to electronics and TV. So I'm fine there.
6    THE COURT: Okay. Well, I don't want to get
7 into too much detail, other than to say that information
8 was brought to my attention that I felt it necessary that
9 Ms. Yavelak be removed, and that's why Ms. Ledgewood is
10 your lawyer now.
11    DEFENDANT SULIK: Yes, sir.
12    THE COURT: Okay. All right. Well -- and,
13 frankly, you have counsel, and you certainly will have an
14 opportunity to rebut the testimony that Mr. Boone and --
15 evidence he puts before the jury during the trial.
16    So, let's see, anything else, Mr. Boone?
17    MR. BOONE: Nothing further, Your Honor.
18    THE COURT: Ms. Ledgewood.
19    MS. LEDGEWOOD: Nothing at this time,
20 Your Honor.
21    Thank you, Your Honor.
22    THE COURT: All right. And where is he
23 continuing to be held, sir?
24    MS. LEDGEWOOD: Woodford.
25    DEPUTY MARSHAL: Woodford.

1            THE COURT:  Woodford County, all right.
2            Very well.  Defendant will be remanded to the
3    custody of the marshal.
4            And we'll be in recess.
5        (Whereupon, the Motion Hearing proceedings concluded
6    at 11:15 a.m.)
7                     C E R T I F I C A T E
8        I, Peggy W. Weber, certify that the foregoing is a
9    correct transcript from the record of proceedings in the
10   above-entitled matter.
11
12
     August 1, 2019                  s/Peggy W. Weber
13         DATE                      PEGGY W. WEBER, RPR
14
15
16
17
18
19
20
21
22
23
24
25